IN THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

| CARYN DEVINS STRICKLAND, | |
|---|---|
| Plaintiff-Appellant, | |
| v. | No. 24-2056 |
| NANCY L. MORITZ, et al., | |
| Defendants-Appellees. | |

**DEFENDANTS' RESPONSE IN OPPOSITION TO
MOTION FOR SUMMARY REVERSAL**

Plaintiff-appellant Caryn Strickland's latest motion requests summary reversal of the district court's final judgment on the basis that the district court should have rejected her *pro bono* counsel's pre-trial request to withdraw from the representation. Plaintiff's motion is wholly without merit and should be denied.

**STATEMENT**

This is a civil employment-discrimination suit arising from plaintiff's former employment as a lawyer with the Federal Public Defender's Office for the Western District of North Carolina. When she initially filed this case and throughout the litigation, plaintiff has been represented by her spouse in addition to representing herself for certain purposes. For a period of

time following the initial dismissal of her case by the district court, including during her April 25, 2023 deposition, plaintiff was also represented by four *pro bono* attorneys.

Four days after plaintiff's deposition, plaintiff's *pro bono* attorneys filed a motion to withdraw as counsel on the basis that "a conflict has arisen such that counsel cannot continue to represent Ms. Strickland, and there are irreconcilable differences in the attorney-client relationship." Mot. for Summ. Reversal app. at 1, Dkt. No. 207, at 1. Public filings do not further describe the reasons for the withdrawal, but plaintiff's motion for summary reversal focuses on her deposition testimony in response to "a line of questioning that . . . implicated an accusation of wrongdoing." Mot. for Summ. Reversal 13. Plaintiff asserts that this colloquy left her with a "reasonable fear of prosecution." *Id.* at 22. Later in the deposition, one of plaintiff's *pro bono* attorneys asserted an "unspecified" privilege against responding further to this line of questioning. *Id.* at 13.[1] Plaintiff's spouse did not join the withdrawal motion and the motion noted that he would

---

[1] This filing does not include additional details regarding the nature of this line of questioning and plaintiff's responses, given plaintiff's repeated subsequent assertions that such details are confidential and therefore cannot be described in detail or attached to public filings. Defendants disagree with those assertions and contested them in district court, but the underlying details are not necessary here.

continue to "represent her interests in this litigation," at least during the "interim" period while the withdrawal motion remained pending.  Mot. for Summ. Reversal app. at 1, Dkt. No. 207, at 1.

The withdrawal motion included the following statement regarding plaintiff's position: "Plaintiff is still considering counsel's motion and requests that the Court not act on the motion until she has had an opportunity to respond."  Mot. for Summ. Reversal app. at 1, Dkt. No. 207, at 1.  Two weeks later, on the deadline for filing any response to the motion, *see* W.D.N.C. Civ. R. 7.1(e), plaintiff filed a short response requesting that the motion "be held in abeyance to allow Plaintiff to evaluate the ongoing developments that may affect [counsels'] motion and to provide a more informed position to the Court."  Mot. for Summ. Reversal app. at 5, Dkt. No. 215, at 1.  Defendants filed a response indicating they took no position on the motion.  Mot. for Summ. Reversal app. at 3, Dkt. No. 214, at 1.  Eight days later (more than three weeks after the filing of the motion and after plaintiff's *pro bono* counsel had filed a reply brief requesting a prompt ruling), the court issued an order granting the withdrawal motion, explaining that "[s]ufficient time" had "elapsed for the plaintiff to object to the motion" but she had instead only made "a request for delay."  Mot. for Summ. Reversal app. at 9, Text-Only Order (May 23, 2023).

As noted, after the withdrawal motion was granted, plaintiff remained represented by counsel (her spouse) in addition to representing herself for certain purposes. The case proceeded to a bench trial and the district court then issued comprehensive findings and conclusions ruling in favor of defendants. Dkt. No. 429. This appeal followed.

## DISCUSSION

To obtain a summary disposition of an appeal from this Court, a party must "show[] that the issues raised on appeal are in fact manifestly unsubstantial and appropriate for disposition by motion." 4th Cir. R. 27(f)(1). These high standards are rarely satisfied for any summary disposition of an appeal, let alone summary reversal. *See James A. Merritt & Sons v. Marsh*, 791 F.2d 328, 331 (4th Cir. 1986) ("Summary reversals are reserved for extraordinary cases. . . ."); *see also Sills v. Bureau of Prisons*, 761 F.2d 792, 793-94 (D.C. Cir. 1985) (explaining that summary reversal would be appropriate where "the merits" are "so clear" that "plenary briefing, oral argument, and the traditional collegiality of the decisional process would not affect [the court's] decision").

This Court should reject plaintiff's latest request for extraordinary and plainly unwarranted relief. Plaintiff takes issue with the district court's order granting her *pro bono* attorneys' motion to withdraw from

4

representing her, but the district court acted well within its discretion in granting that motion. *See Towns v. Morris*, 1995 WL 120687, at *2 (4th Cir. 1995) (unpublished table decision) (per curiam) ("We review the denial of the motion to withdraw for an abuse of discretion." (citing *Ohntrup v. Firearms Ctr., Inc.*, 802 F.2d 676, 679 (3d Cir. 1986) (per curiam); and *Mekedci ex rel. Mekdeci v. Merrell Nat'l Labs., a Div. of Richardson-Merrell, Inc.*, 711 F.2d 1510, 1521 (11th Cir. 1983)). As the district court noted, plaintiff failed to timely file a substantive opposition to the motion, instead presenting "only a request for delay." Mot. for Summ. Reversal app. at 9, Text-Only Order (May 23, 2023).

While plaintiff's failure to offer a substantive response provided the district court with a sufficient basis for ruling on the motion, it was also not the only available rationale. Shortly after a deposition in which plaintiff's testimony apparently left her with a "reasonable fear of prosecution," Mot. for Summ. Reversal 22, plaintiff's lawyers represented—without meaningful contradiction from plaintiff—that "a conflict has arisen such that counsel cannot continue to represent Ms. Strickland, and there are irreconcilable differences in the attorney-client relationship." Mot. for Summ. Reversal app. at 1, Dkt. No. 207, at 1. A district court has ample discretion to permit a civil plaintiff's lawyers to withdraw from a case when

5

the lawyers inform the court (without delving into privileged attorney-client communications) that they have a conflict and irreconcilable differences with their client. *See Marks v. Cook*, 347 F. App'x 915, 917-18 (4th Cir. 2009) (unpublished) (per curiam) (holding that a district court did not err in declining to vacate its order granting a motion to withdraw). A reversible error on this issue would be especially unlikely where, as here, the plaintiff is represented going forward by other counsel—as plaintiff's own authority suggests. *See Spann v. North Carolina Dep't of Pub. Safety*, No. 1:17-cv-104, 2017 WL 6041939, at *2 (W.D.N.C. Dec. 6, 2017) (denying a motion to withdraw without prejudice and inviting counsel "to file a new motion" that could be well-supported if, for example, "an attorney makes an appearance on behalf of [the] plaintiff").[2]

---

[2] The issue raised in plaintiff's motion does not appear to be the subject of frequent litigation—unsurprisingly, as it is not clear what sort of extreme circumstances would need to be present to provide a colorable basis for reversing a district court's order that allowed some (but not all) of a civil plaintiff's lawyers to withdraw their appearances. Withdrawal of counsel also presents different concerns in a civil case like this one than it would when a criminal defendant's attorney seeks to withdraw. *See United States v. Horton*, 693 F.3d 463, 466-67 (4th Cir. 2012) (explaining that this Court's abuse-of-discretion review of an order denying a request for substitute counsel considers "whether the initial appointment ceased to constitute Sixth Amendment assistance of counsel" (quotation marks omitted)).

Moreover, even assuming *arguendo* that the district court somehow abused its discretion in granting the withdrawal motion, plaintiff offers no sound basis for this Court to "remand for further proceedings." Mot. for Summ. Reversal 42. Plaintiff argues that, once her *pro bono* counsel withdrew, "this was not a fair fight" because plaintiff was "[l]eft to fend on her own, with only her spouse helping her." *Id.* at 40. But while plaintiff may wish that her former counsel could have been compelled to continue representing her *pro bono*, there is no basis for thinking that would be an appropriate remedy. *Cf. A Sealed Case*, 890 F.2d 15, 17 (7th Cir. 1989) (issuing a writ of mandamus where a district court had "exceed[ed] [its] authority by compelling counsel to render involuntary services"). Rather, any legal error would be fully redressed by an express "finding of good cause" supporting counsel's withdrawal, Mot. for Summ. Reversal 30, and certainly would not warrant reversal of the judgment.

Plaintiff's motion includes many additional contentions that are irrelevant to the disposition of this motion. Defendants strongly disagree in numerous respects with plaintiff's discussion and will respond as necessary to whichever arguments plaintiff chooses to raise in her opening brief. At this juncture, however, this Court need only recognize that the arguments

for affirmance of the final judgment are not so "manifestly unsubstantial" as to warrant summary reversal. 4th Cir. R. 27(f)(1).

## CONCLUSION

The motion for summary reversal should be denied.

Respectfully submitted,

SARAH CARROLL

 /s/ *Kevin B. Soter*
KEVIN B. SOTER
(202) 305-1754
   Attorneys, Appellate Staff
   Civil Division
   U.S. Department of Justice
   950 Pennsylvania Ave. NW
   Room 7222
   Washington, D.C. 20530
   kevin.b.soter@usdoj.gov

DECEMBER 2024

# CERTIFICATE OF COMPLIANCE

Pursuant to Federal Rule of Appellate Procedure 32(g), I hereby certify this response complies with the requirements of Rule 27(d)(1)(E) because it has been prepared in 14-point Georgia, a proportionally spaced font, and that it complies with the type-volume limitation of Rule 27(d)(2)(A) because it contains 1,532 words, according to the count of Microsoft Word.

/s/ *Kevin B. Soter*
KEVIN B. SOTER
