No. 24-2056

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FOURTH CIRCUIT

CARYN DEVINS STRICKLAND,

*Plaintiff-Appellant*,

v.

NANCY L. MORITZ, ET AL.,

*Defendants-Appellees*.

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA

## MOTION TO CONTINUE STAY
## OF BRIEFING SCHEDULE

Plaintiff-Appellant Caryn Devins Strickland respectfully requests that the Court continue its stay of the briefing schedule for this proceeding until pending issues regarding the record on appeal are resolved. *See* ECF Nos. 444–48.

As context for this request, Appellant notes that during her prior appeal of the district court's dismissal of her case, this Court effectively stayed the appeal by granting three separate extensions of the briefing schedule to allow her to resolve record-related issues. Case No. 21-1346, Docs. 7, 11, 28. In the interests of fairness and judicial efficiency, particularly since this appeal follows a bench trial with several complex record-related issues, the Court should adopt the same practice here.

1

Appellees stated the following: "Plaintiff has asked for defendants' position on 'a motion to continue the stay of the briefing schedule.' After previously delaying issuance of a briefing schedule at plaintiff's request, this Court issued an order on December 30 directing plaintiff to file an opening brief by February 10, 2025. Construing this as a request for a position on a motion to suspend the existing briefing schedule, defendants take no position."

1. On November 15, 2024, this Court granted Appellant's motion to stay the briefing schedule until her motion to disqualify or, alternatively, disclose information was resolved. Doc. 19. In requesting the stay, Appellant's motion explained, in relevant part, that "depending on the outcome of the motion, there may be record-related issues that will need to be resolved before the merits briefing." Doc. 18, at 2.

2. On December 17, 2024, this Court denied Appellant's motion to disqualify or disclose information. Doc. 31. On December 18, 2024, Appellant filed a motion to continue a stay of the briefing schedule until her motion for summary reversal of the district court's order summarily allowing withdrawal of her legal team was resolved. Doc. 32. This Court granted the motion to stay. Doc. 33.

3. On December 30, 2024, this Court entered an order stating that "the Court defers action on Strickland's motion for summary reversal until all briefing is complete." Doc. 37. That same day, the Court a issued a briefing order. Doc. 38.

4. Plaintiff respectfully requests that the stay of briefing be continued to allow adequate time to resolve issues that need to be litigated in order to complete the record on appeal. *See* Fed. R. App. P. 10(e). In her prior motion to stay, Plaintiff explained that resolution of record-related issues would be necessary if the appeal proceeded to merits briefing, and a stay was needed to "allow the issues to be fairly and fully presented and serve the interests of judicial efficiency." Doc. 18, at 3.

5. After the Court lifted the stay and issued the briefing order, Plaintiff promptly filed three separate motions related to issues with the record on appeal, as forecast in her prior motion to stay. ECF Nos. 444–48. Two of the motions address sealing issues, and the third motion requests to correct a mediation report for purposes of requesting mediation during this appeal. Defendants opposed two of these motions and took no position on the third, which indicates that these issues may need to be litigated both in district court and before this Court. Therefore, more time is needed to resolve these issues before merits briefing can be completed.

6. In particular, Plaintiff's Motion to Unseal Plaintiff's Proposed Findings of Fact and Conclusions of Law (ECF No. 415), warrants further discussion. ECF No. 444. Plaintiff's proposed findings contain sealed portions that discuss Plaintiff's proffered Exhibit BB, which contains "MeToo" evidence of other EDR complaints filed by other employees of the Federal Public Defender Office. The information that has already been disclosed publicly about this MeToo evidence includes, *inter*

*alia,* **allegations that Federal Defender Anthony Martinez used "crude language regarding women and members of the LGBTQIA+ community," including by referring to a female Assistant United States Attorney as a "fucking bitch," and that First Assistant JP Davis used "sexual hand gestures."** ECF No. 444, at 1.

7. As discussed in Plaintiff's motion to unseal, during the trial, the district court allowed Plaintiff to make a public proffer regarding the MeToo evidence in open court. However, the court then ordered Plaintiff to file her proposed findings, which contain a written proffer regarding the same MeToo evidence, under seal. *Id.* at 13–15. The district court concluded in its opinion that the MeToo evidence was "inadmissible" because it was "not relevant" and "hearsay." *Id.* at 16. However, because the district court ordered the MeToo evidence to be sealed, the public does not have access to the underlying materials discussed in its opinion.

8. The U.S. Supreme Court and federal courts of appeals have repeatedly recognized that timely access to judicial proceedings is required by the First Amendment, because timeliness is a fundamental feature of news. *See, e.g.*, *Neb. Press Ass'n v. Stuart*, 427 U.S. 539, 561 (1976) ("As a practical matter . . . the element of time is not unimportant if press coverage is to fulfill its traditional function of bringing news to the public promptly."); *Int'l News Serv. v. Associated Press*, 248 U.S. 215, 235 (1918) (recognizing a quasi-property interest in "hot" news). As the Seventh Circuit wrote of the right of access to judicial records, "The

4

newsworthiness of a particular story is often fleeting. To delay or postpone disclosure undermines the benefit of public scrutiny and may have the same result as complete suppression." *Grove Fresh Distribs., Inc. v. Everfresh Juice Co.*, 24 F.3d 893, 897 (7th Cir. 1994), *superseded on other grounds as recognized by Bond v. Utreras*, 585 F.3d 1061, 1068 n.4 (7th Cir. 2009); *see also Elrod v. Burns*, 427 U.S. 347, 373–74 (1976) (recognizing that even a brief loss of First Amendment freedoms constitutes "irreparable injury").

9. Moreover, this Court has held that "[t]he press and public . . . have an important interest in reasonably contemporaneous access to civil complaints." *Courthouse News Serv. v. Schaefer*, 2 F.4th 318, 328 (4th Cir. 2021). Prompt public access helps to "improve the quality of [the judicial] system by subjecting it to the cleansing effects of exposure and public accountability." *Id.* at 327 (citation omitted). The same rationale applies to public understanding of the reasoning behind a court's opinion and the arguments on a subsequent appeal. Indeed, access delayed is access denied when it comes to this information, because "[t]he public's interest in monitoring the work of the courts is subverted" when access is not contemporaneous. *Doe v. Pub. Citizen*, 749 F.3d 246, 266 (4th Cir. 2014).

10. Plaintiff's case has received national attention from many publications, including the Washington Post, the National Law Journal, Bloomberg Law, Reuters, and Law360. *See, e.g.*, Ann Marimow, *Court revives sexual harassment lawsuit*

*targeting federal judiciary*, WASH. POST (Apr. 26, 2022), *available at* https://tinyurl.com/yws9ev6p; Allie Reed, *Judge Weighs Judiciary's Role in Ex-Defender's Harassment Suit*, BLOOMBERG LAW (Jan. 4, 2024), *available at* https://tinyurl.com/w6wvarwp; Avalon Zoppo, *Sexual Harassment Trial Shows Challenge With Remote Proceedings: Transcript Errors*, NAT. L. J. (Sept. 5, 2024), *available at* https://tinyurl.com/y6z43pmj; Nate Raymond, *4th Circuit replaces federal public defender amid sexual bias lawsuit*, REUTERS, *available at* https://tinyurl.com/4w2azkku. Indeed, a recent search indicates that Law360, alone, has published at least *forty-three articles* about this case, including recently describing it as one of the "Top North Carolina Cases of 2024." LAW360, *Strickland v. United States*, No. 1:20-cv-00066, *available at* https://tinyurl.com/3kr8yraw. Moreover, multiple news stories have been published about the Court's exclusion of the MeToo evidence from the public record, demonstrating public interest in this issue. *See*, *e.g.*, Adrian Cruz, *Ex-Defender Can't Make Feds Release Harassment Reports*, LAW360 (May 3, 2024); Hayley Fowler, *Ex-Defender Says Feds Can't Hide Other Harassment Reports*, LAW360, (Apr. 25, 2024); Hayley Fowler, *Ex-Public Defender Again Seeks Pretrial Harassment Suit Win*, LAW360 (Oct. 11, 2023).

11. It can be reasonably expected that the arguments on appeal in this case, and any subsequent opinion from this Court, will be of interest to the public and news media. That includes the MeToo evidence. The First Amendment requires that

the propriety of the district court's order sealing this evidence be decided now, before merits briefing is completed, so that Plaintiff is not improperly required to redact the MeToo evidence from her merits briefing and file it under seal.  Under *Courthouse News Service* and *Public Citizen*, the public and media have a First Amendment right to access this information contemporaneously when Plaintiff files her brief.  Keeping this information from the public—even temporarily—without deciding the propriety of sealing would be an affront to First Amendment and common law requirements.

For these reasons, Plaintiff respectfully requests that the stay of the briefing order be continued until pending record-related issues are resolved.

Respectfully Submitted,

*/s/ Cooper Strickland*

Cooper Strickland
P.O. Box 92
Lynn, NC 28750
Tel. (828) 817-3703
cooper.strickland@gmail.com

*Counsel for Plaintiff-Appellant*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 6th day of January, 2025, I electronically filed the foregoing document with the Clerk of the Court for the United States Court of Appeals for the Fourth Circuit by using the Court's appellate CM/ECF system, which accomplished service on counsel of record through CM/ECF.

/s/ Cooper Strickland<br>
Cooper Strickland