IN THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

| | |
|---|---|
| CARYN DEVINS STRICKLAND,<br><br>Plaintiff-Appellant,<br><br>v.<br><br>NANCY L. MORITZ, et al.,<br><br>Defendants-Appellees. | No. 24-2056 |

**DEFENDANTS' RESPONSE TO
MOTION TO SUSPEND BRIEFING SCHEDULE**

Plaintiff-appellant Caryn Strickland's latest motion requests that this Court "continue its stay of the briefing schedule for this proceeding until pending issues regarding the record on appeal are resolved." Mot. 1. Although the Court previously stayed issuance of a briefing schedule in this appeal at plaintiff's request, it issued a briefing schedule on December 30, 2024, after deferring action on plaintiff's motion for summary reversal until all briefing is complete. Defendants therefore construe plaintiff's latest request as a motion to suspend the existing briefing schedule, and we take no position on the motion.

Since filing her notice of appeal on October 15, 2024, plaintiff has filed a series of motions in this Court, requesting each time that the Court

delay briefing of the appeal pending resolution of those motions. While defendants opposed the underlying motions, they took no position on plaintiff's associated requests to delay briefing, which this Court granted. Defendants defer to this Court's judgment with respect to plaintiff's latest request for delay, which is premised on a new series of motions plaintiff recently filed in district court. While defendants would consent to an ordinary and reasonable extension of a briefing deadline, in our view, this Court is best positioned to assess for itself whether plaintiff has provided an adequate basis for an additional extension of uncertain duration for her opening brief.

Plaintiff's motion relies on her recent requests for the district court to: (1) reconsider its post-trial order (Dkt. No. 414) requiring plaintiff to file under seal her proposed findings of fact and conclusions of law, which include confidential information regarding third parties' allegations submitted under the Fourth Circuit's employment dispute resolution process, Dkt. No. 444; (2) reconsider its post-trial order (Text-Only Order, Mar. 20, 2024) terminating as moot plaintiff's request to unseal "all orders and directions" concerning the temporary sealing of this case that occurred shortly after plaintiff filed her 2020 complaint and accompanying motion to proceed under a pseudonym and seal personally identifying information,

Dkt. No. 447; and (3) "correct" a one-page form filed by a mediator (Dkt. No. 266) to indicate which named parties attended an August 2023 mediation session, Dkt. No. 448. Defendants have informed plaintiff that they oppose the first motion, *see* Dkt. No. 444, at 25; take no position on the second motion, *see* Dkt. No. 447, at 4; and oppose the third motion but do not intend to file a brief in opposition because it can be denied on the ground that there is no legal basis to order the mediator to revise the report, *see* Dkt. No. 448, at 6. Defendants' response in opposition to the first motion is due in district court on January 21.

The merits of plaintiff's recent district court motions are not before this Court. Rather, in seeking to suspend the briefing schedule on appeal, plaintiff asserts that "these issues may need to be litigated both in district court and before this Court" and that their resolution is necessary "before merits briefing can be completed." Mot. 3. It is unclear why plaintiff believes that to be the case. As to the first two motions, sealing determinations do not affect which items constitute the record on appeal under Federal Rule of Appellate Procedure 10, nor do issues related to sealing preclude plaintiff from preparing her opening brief. And as to the third motion, plaintiff indicates that she seeks to "correct" a document prepared by a mediator "for purposes of requesting mediation during this

3

appeal." Mot. 3. This case is not currently part of Court-ordered mediation, and even if it were, plaintiff would not be entitled to "automatically toll[]" briefing deadlines. 4th Cir. R. 33.

It is accordingly unclear why a further delay in briefing is necessary here. But because defendants do not contend at this time that they would be prejudiced by a modest delay in the filing of plaintiff's opening brief, we take no position on whether this Court should suspend the briefing schedule pending the district court's resolution of plaintiff's recent record-related motions.

Respectfully submitted,

SARAH CARROLL

 /s/ Kevin B. Soter
KEVIN B. SOTER
(202) 305-1754
   Attorneys, Appellate Staff
   Civil Division
   U.S. Department of Justice
   950 Pennsylvania Ave. NW
   Room 7222
   Washington, D.C. 20530
   kevin.b.soter@usdoj.gov

JANUARY 2025

# CERTIFICATE OF COMPLIANCE

Pursuant to Federal Rule of Appellate Procedure 32(g), I hereby certify this response complies with the requirements of Rule 27(d)(1)(E) because it has been prepared in 14-point Georgia, a proportionally spaced font, and that it complies with the type-volume limitation of Rule 27(d)(2)(A) because it contains 676 words, according to the count of Microsoft Word.

                                                          /s/ *Kevin B. Soter*
                                                        KEVIN B. SOTER