No. 24-2056

IN THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

CARYN DEVINS STRICKLAND,

*Plaintiff-Appellant*,

v.

NANCY L. MORITZ, ET AL.,

*Defendants-Appellees*.

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA

**REPLY IN SUPPORT OF
MOTION TO UNSEAL**

"Fucking bitch." ███████████████████████ "Retard."

These discriminatory slurs were allegedly uttered by Federal Defender Anthony Martinez, personally, or his employees. Martinez allegedly ████████ ██████████████████████████ First Assistant J.P. Davis, who was accused of sexually harassing Plaintiff, allegedly ████████████████ ████████████████████████████████████████ ████████████████████████████████████████ ████████████████ After Plaintiff forcibly resigned, Davis even ████████████████████████████████████████

1

████████████████████████████████████
████████████████████████        Opening Br. 6–10.

This sampling of MeToo allegations of shocking misconduct, and others, are not part of the public record. This evidence undermines Defendants' denials of workplace misconduct in the FDO and their assertion that discriminatory conduct existed only in "her mind." JA2417. It also shows that Martinez, as unit executive, discriminated against protected classes and was biased against Plaintiff in violation of her due process rights. Unsealing Plaintiff's brief to allow for a general discussion of these allegations to be public is not unordinary, and is necessary both for a fair presentation on appeal and to comply with the First Amendment requirement of open judicial proceedings. *Doe v. Pub. Citizen*, 749 F.3d 246, 266 (4th Cir. 2014).

**I.  Defendants have already publicly outed these individuals and publicly quoted and summarized their confidential EDR materials.**

Defendants seek an exception to the First Amendment as it concerns disclosure of allegations of workplace misconduct against judiciary officials. Crucially, Defendants selectively seek to prevent disclosure of this information *only* when it undermines their arguments and credibility. Defendants, however, do *not* seek to prevent such disclosure when Defendants themselves choose to unilaterally disclose curated confidential information on the public docket—including publicly outing the names of EDR participants and publicly quoting confidential EDR materials.

Defendants would like this Court to believe that the issue presented is whether EDR complainants' confidentiality rights, as a general matter, outweigh the First Amendment right of access to judicial proceedings. Doc. 60, at 3. They contend that "[a]biding by this confidentiality rule is crucial to the fairness and integrity of the EDR Plan, as it assures, among other things, that employees can seek private resolution of sensitive personnel matters." *Id.* This sounds great in principle, but Defendants are not white knights. Far from it, they have already violated the MeToo complainants' confidentiality rights by publicly disclosing their names in the district court docket and repeatedly quoting their EDR materials. Moreover, Defendants are no different from any other employer who promises confidentiality in personnel matters until required to make certain disclosures during litigation. Under the First Amendment, courts routinely require such disclosures when they are related to the merits of litigation. *See* Doc. 54, at 10–11 (citing cases).

Defendants' prior public disclosure of confidential EDR information *must* be considered as the proponents of maintaining this information under seal. *See* Doc. 54, at 8–9. This Court must decide whether Defendants may use confidentiality designations as both a sword and shield, freely disclosing confidential information to curate the factual record when it suits their litigation interests, but selectively preventing Plaintiff from presenting any information to correct their incomplete and misleading disclosures based on opportunistic assertions of "confidentiality."

### A. Defendants publicly outed these individuals.

On May 5, 2023, Defendants moved to compel the deposition of four individuals, who they publicly named. *See* ECF No. 211, at 2. In a motion to seal filed on May 26, 2023, Defendants publicly disclosed that their briefing on the motion to compel "includes a discussion of claims filed under the Fourth Circuit's Employment Dispute Resolution ('EDR') process by individuals who are not parties to this case." ECF No. 223, at 3. In doing so, Defendants disclosed that the individuals they requested to depose, who they *publicly named*, had participated in "claims filed under the Fourth Circuit's [EDR] process." *Id.* The names of individuals who participated in EDR processes are confidential under the EDR Plan, as Defendants acknowledged in their motion to seal. *Id.* Publicly outing these individuals was entirely unnecessary and defeated the purpose of the motion to seal.

After notifying opposing counsel of their disclosure of confidential information, on May 30, 2023, Plaintiff moved to seal Defendants' filing. ECF No. 231. Defendants did not oppose Plaintiff's motion to seal. However, as with other filings related to MeToo evidence, the district court did not allow Plaintiff to file her unredacted motion under seal and refused even to review it before denying an *unopposed* motion to protect these individuals' identities. ECF No. 241. Accordingly, the public outing of all four individuals who participated in "confidential" EDR proceedings remains on the docket to this day.

If the connection between these individuals and the MeToo EDR complaints were not clear enough, Defendants made it crystal clear in their motion *in limine* to exclude MeToo evidence. In this filing, Defendants *explicitly* cited their motion to compel, *by ECF docket number and page*, where these individuals' names were disclosed. JA562. Defendants stated that these four individuals were "*employees who used the Fourth Circuit's EDR process for claims of retaliation, harassment, or discrimination while Martinez served as the Federal Defender for the Western District of North Carolina.*" *Id.* (emphasis added). They also stated that Plaintiff sought to "rely on their EDR filings" to show a "pattern of violations." *Id.* These disclosures, whether made due to incompetence or an intent to punish and intimidate, leave *no* ambiguity that the four individuals named in Defendants' motion to compel and the four individuals who filed MeToo EDR complaints are the same.

Defendants' stated concern about a single missed redaction in Plaintiff's 485-page sealed joint appendix is disingenuous, given that Defendants publicly disclosed the names of all four MeToo complainants. By contrast, Plaintiff endeavored in good faith to reduce the harm Defendants caused by preventing public disclosure of names in connection with specific allegations.[1] Defendants' assertion that unsealing

---

[1] Plaintiff has submitted a revised joint appendix volume with this filing. Nonetheless, if this Court determines that providing a summary of allegations in a publicly filed brief is sufficient to vindicate the public's First Amendment interest, Plaintiff does not oppose an order maintaining the joint appendix volume under seal.

Plaintiff's brief would unfairly prevent them from presenting "additional context" is likewise misleading given that they repeatedly made selective, self-serving disclosures of confidential information even as they insisted the information must be sealed. Doc. 60, at 7–8. Like Plaintiff, Defendants can provide general information in response without outing particular complainants like they did below.

### B. Defendants publicly quoted and described the MeToo complainants' confidential EDR filings.

Defendants also *directly quoted* from the EDR complainants' confidential filings in a selective and self-serving manner. This conduct belies their assertion that these materials must be sealed. If the materials *were* subject to a sealing order, Defendants repeatedly violated that order with impunity. *Cf.* WDNC LCvR 6.1(d).

At the summary judgment stage, Defendants publicly stated that, "[o]f the two grievances listed that pre-date Plaintiff's report in August 2018, one claimed *'[w]histleblower retaliation,'* and the other claimed *'[d]iscrimination on the basis of age, race/national origin, and gender.'*" JA460 (emphasis added). The material that Defendants put in quotations comes *directly* from EDR complaints that Defendants assert can only be discussed under seal. JA 460.

Defendants also publicly described the complaints as including "*the Defender's alleged use of crude language regarding women and members of the LGBTQIA+ community and the First Assistant's alleged use of sexual hand gestures.*" JA461 (emphasis added). These allegations came from the "*EDR

6

*grievance of another individual*"—again, material Defendants assert must be sealed. JA461 (emphasis added).

In their motion *in limine* to exclude MeToo evidence, Defendants *again* publicly discussed the substance of confidential EDR complaints. JA561. Defendants' repeated public disclosures render baseless their belated assertion that sealing is needed to protect "non-parties who were assured that their allegations under the EDR Plan would be kept confidential." Doc. 60, at 2.

### C. Defendants did nothing to prevent disclosure of confidential EDR materials at trial.

Prior to trial, Plaintiff notified Defendants of her intent to admit the other EDR complaints and provided them a copy of the exhibit she intended to use. *See, e.g.*, ECF No. 412-1, at 5. The district court also notified the parties that "I have sealed nothing that is going to be used as a trial exhibit. The burden is on the party to seek to have an exhibit treated other than as a public document." *Id.* Defendants did not object or even request any further redactions to the proposed exhibit.

During trial, the district court allowed Plaintiff to make "various offers of proof," JA2881, regarding other "EDR complaints," *see, e.g.*, JA2851, JA2858–59, 2860–61. The district court stated that it intended to recess, but instructed Plaintiff that "[y]ou may recite your offers of proof, they'll be on the record, the Court Reporter will take it down." JA2881. Despite being on notice of the precise nature of Plaintiff's public proffer, Defendants raised no objection.

However, *after* the presiding judge had recessed, meaning that *he left the courtroom*, and Plaintiff had begun her proffer, Defendants' counsel interjected and complained to the *courtroom deputy* that Plaintiff's proffered exhibit "should not be displayed publicly" because "it's not sufficiently redacted." JA2883.

The *courtroom deputy* is not an Article III judge and has no authority to "rule" on a party's "objection" or reverse a court's prior directive requiring a proffer to be made in open court. Likewise, the courtroom deputy had no authority to "order" Plaintiff to take down her exhibit. Plaintiff was entitled to display her proffered exhibit pursuant to Federal Rule of Evidence 103. In fact, if she did *not* proffer the actual document, she would have risked waiving her objection. *See United States v. Wenjing Liu*, 654 F. App'x 149, 154 (4th Cir. 2016) (unpub.) (party had failed to "proffer the specific statements that she sought to introduce into evidence"). The "safest practice" is "to proffer the actual evidence," rather than rely on an oral proffer of a document. *Johnson v. Moore*, 493 F. Supp. 2d 1236, 1240 (M.D. Fla. 2007).

Following trial, Defendants' counsel asked if Plaintiff had any objection to Defendants making exhibits "available to the public" that she had designated confidential. ECF No. 412-1, at 7. Plaintiff's counsel responded that the exhibits "involve EDR matters." *Id.* Defendants took no steps to protect this information before making it available to the media. *Id.*; *see also* https://tinyurl.com/38yuwyss (DOJ website inviting "[m]edia requests regarding audio exhibits").

8

## II. Defendants' extraordinary demand that MeToo allegations be subject to a blanket sealing order contravenes binding precedent.

Not only did Defendants repeatedly disclose confidential information, but they also *do not cite a single precedent* in support of their extraordinary position that MeToo allegations of misconduct by judiciary officials must be kept under a *blanket* sealing order. Doc. 60. Their failure to marshal any supporting precedent, while a major red flag that should give this Court pause before venturing into dangerous and uncharted jurisprudential territory, is unsurprising. Policies protecting confidentiality interests, even when codified by statute, are not sufficient on their own to justify sealing of judicial records. *Va. Dep't of State Police v. Wash. Post*, 386 F.3d 567, 579 (4th Cir. 2004); *Stone v. Univ. of Md. Med. Sys. Corp.*, 855 F.2d 178, 181 (4th Cir. 1988). Courts must determine "whether the right of access nevertheless outweighed the public policy" and "consider less drastic alternatives before sealing." *Stone*, 855 F.2d at 181. Given Defendants' own public disclosures, their response falls far short of justifying the "drastic" measure of blanket sealing. *Id.*

Defendants' assertion that "ample information is already publicly available" and the Court "has access to the sealed material and can take it into account," Doc. 60, at 6, contravenes fundamental First Amendment values, including "promot[ing] trustworthiness of the judicial process" and "curb[ing] judicial abuses," *Doe*, 749 F.3d at 266. Defendants seek to provide a one-sided and misleading portrayal of facts by avoiding exposure to "sunlight," the "best of disinfectants." *Wash. Post v.*

9

*McManus*, 944 F.3d 506, 523 (4th Cir. 2019). Instead, Defendants ask the public to blindly trust the judiciary to fairly handle MeToo allegations under seal. This approach contravenes the First Amendment's core function of requiring transparency to guard against the possibility of "judicial misconduct." *Washington Post v. Robinson*, 935 F.2d 282, 287 (D.C. Cir. 1991).

Defendants' argument is also illogical. Defendants *concede* that the MeToo EDR complainants could have been called "as witnesses at trial." Doc. 61, at 2. The district court instructed the same, stating that "such witnesses may be called" at trial. JA3130. Moreover, Defendants did not even initially oppose the unsealing of Plaintiff's brief, but instead requested to "see[] the specific material that plaintiff proposes to include on the public docket" before providing a position. Doc. 54, at 16. Now, apparently having seen how damaging the disclosures in Plaintiff's brief are to their defense, Defendants arbitrarily contend that her brief, which discusses a proffered exhibit containing the same substance as any trial testimony, must be subject to blanket sealing. The First Amendment does not distinguish between a brief and testimony. After all, the First Amendment applies to "evidence and records filed in connection" with judicial proceedings. *Doe*, 749 F.3d at 267.

Likewise, Defendants *concede* that the MeToo evidence is relevant to this appeal because Plaintiff is "seeking to challenge [the] evidentiary ruling" excluding the evidence. Doc. 60, at 6. Defendants do not explain how this Court can

meaningfully review this appeal without discussing the MeToo evidence publicly. If the Court grants Defendants' request for blanket sealing, it will be forced to issue either an opinion under seal or a public opinion that is "so cryptic and unrevealing in its rationale as to be rightly suspect—whatever its result." *Stone*, 855 F.2d at 182. Again, this is repugnant to First Amendment values and "simply unacceptable." *Id.*

Because precedent overwhelmingly disfavors their position, Defendants seek to shift the burden onto Plaintiff. They contend that under this Court's Local Rule 25, *Plaintiff* "must establish a basis for this Court to modify or amend the district court's determination that this material should be held under seal." Doc. 60, at 2. That is flatly wrong. The proponents of sealing—here, Defendants—*always* bear the burden. *See Doe*, 749 F.3d at 272.

In any event, the district court's handwritten statement on a page of Defendants' response brief is not a "valid" sealing order to which this Court must defer, even if such deference were appropriate. *Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir. 2000). The court did not follow "mandatory" procedures, including considering "less drastic alternatives to sealing." *Id.* Moreover, its order *only* applies to Plaintiff's proposed findings of fact. There is *no* sealing order for the actual MeToo complaints contained in the joint appendix, because the court went to great lengths to keep them out of the record by refusing to rule on the parties' motions to seal or allowing the complaints to be filed. Even if a local rule could shift

11

the burden to the party opposing sealing—which would violate the First Amendment—the district court's sealing order is not a "valid decree." *Id.*

## CONCLUSION

This Court lacks authority to fundamentally remake First Amendment doctrine to acquiesce in Defendants' incredible demand to manipulate public perception by selectively presenting confidential information. At a minimum, Plaintiff's opening brief should be unsealed.

Respectfully Submitted,

*/s/ Cooper Strickland*

Cooper Strickland
P.O. Box 92
Lynn, NC 28750
Tel. (828) 817-3703
cooper.strickland@gmail.com

*Counsel for Plaintiff-Appellant*

## CERTIFICATE OF COMPLIANCE

I certify that this document complies with the type-volume limitations of Fed. R. App. P. 27(d)(2) because it contains 2,599 words, excluding the parts exempted by Fed. R. App. P. 27(d)(2). This document complies with the typeface and type-style requirements of Fed. R. App. P. 27(d)(1) because it has been prepared in a 14-point, proportionally spaced typeface.

/s/ Cooper Strickland  
Cooper Strickland

**CERTIFICATE OF SERVICE**

I hereby certify that on this 10th day of March, 2025, I electronically filed the foregoing document with the Clerk of the Court for the United States Court of Appeals for the Fourth Circuit by using the Court's appellate CM/ECF system, which accomplished service on counsel of record through CM/ECF.

/s/ Cooper Strickland
Cooper Strickland
