No. 24-2056

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FOURTH CIRCUIT

CARYN DEVINS STRICKLAND,

*Plaintiff-Appellant*,

v.

NANCY L. MORITZ, ET AL.,

*Defendants-Appellees*.

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA

**RESPONSE TO DEFENDANT-APPELLEES'
MOTION FOR EXTENSION OF TIME**

Plaintiff-Appellant respectfully opposes Defendants-Appellees' motion for an extension of time until May 15, 2025 to file their response brief. Doc. 76. An extension until May 15, 2025, which is nearly *90 days* after Plaintiff filed her opening brief on February 18, 2025, would be unreasonable under the circumstances of this case. Plaintiff, however, would not oppose an extension until May 15, 2025 if this Court orders the parties to participate in mediation during this period. *See* Fed. R. App. P. 33; Fourth Cir. Loc. R. 33.

1. Following the filing of her notice of appeal, Plaintiff filed two motions which, if granted, would have required reversal or vacatur prior to reaching the merits. Docs. 12, 26. One of these motions involved challenging the district court's

1

order summarily allowing Plaintiff's legal team to withdraw, without making any findings of good cause. *See* Doc. 26. This Court deferred a decision on Plaintiff's motion until it decides the merits. Doc. 37. Additionally, Plaintiff requested to address certain record-related issues pursuant to Federal Rule of Appellate Procedure 10, but the district court did not rule on some of her motions. *See, e.g.*, Doc. 43.

2. On January 23, 2025, this Court ordered deadlines of February 28, 2025 for Plaintiff's opening brief and March 31, 2025 for Defendants' response brief. Doc. 44. The Court stated that no extensions would be granted to file the opening brief "absent a showing of extraordinary circumstances." Doc. 44.

3. On February 7, 2025, several weeks before Plaintiff's briefing deadline, supervising attorney Sarah Wendy Carroll withdrew from this case. Doc. 45. No other supervising attorney entered a notice of appearance in this case until March 12, 2025, more than a month later. Doc. 75.

4. Despite the challenges Plaintiff faced in this appeal, including having to represent herself without any outside counsel, Plaintiff not only complied with the Court's deadline, but went above and beyond it. She filed her opening brief, which challenged the district court's 285-page decision and other rulings, 10 days early, on February 18, 2025, so that the Court could review her brief in conjunction with her timely filed motion for extension of the word limit. Doc. 49.

5. Plaintiff also moved to extend the word limit. Doc 48. Defendants took no position on the motion, but nearly two weeks after Plaintiff's brief had been filed, Defendants filed a two-paragraph response on March 3, 2025 that effectively opposed a word limit extension. Doc. 61. This Court granted the word limit extension on March 11, 2025. Doc. 72.

6. Under the circumstances of this case, a request of nearly 90 days to respond to Plaintiff's opening brief is unreasonable. Plaintiff, who is representing herself with no outside legal support, and only the assistance of her spouse, promptly completed her opening brief in less than four weeks after being advised on January 23, 2025 that no extensions would be granted absent extraordinary cause. Based on the current deadline of March 31, 2025, Defendants will have nearly six weeks to respond to Plaintiff's brief. Moreover, Defendants are represented by the Department of Justice, which has vast, if not effectively unlimited, resources and ample flexibility to bring in further support on short notice.

7. Defendants' decision to delay in bringing in more support until March 12, 2025, more than a full month after the prior supervising attorney withdrew on February 7, 2025, does not provide good cause for such a lengthy extension. Given this delay, Defendants may have anticipated that this Court would deny Plaintiff's requested word limit extension, but any such assumption would be unreasonable and contrary to federal rules—particularly since Defendants took no position on her

3

motion.  Under Fourth Circuit Local Rule 25, even if "leave of Court is required to file a document," the party must file the underlying document, which "will remain on the docket" unless stricken.  Loc. R. 25(a)(3).  Accordingly, Plaintiff's opening brief was properly filed on the docket and was presumptively valid unless stricken.

8. Plaintiff would not oppose an extension of time until May 15, 2025 if this Court ordered the parties to participate in mediation during this period.  Under Federal Rule Appellate Procedure 33 and Fourth Circuit Rule 33, this Court has authority to order mediation if requested by a party.  As stated in her opening brief, Plaintiff "desires a settlement that would remedy the harm done to her career and would participate in mediation if ordered by the Court."  Doc. 49, at 160 n.4.

Respectfully Submitted,

*/s/ Cooper Strickland*

Cooper Strickland
P.O. Box 92
Lynn, NC 28750
Tel. (828) 817-3703
cooper.strickland@gmail.com

*Counsel for Plaintiff-Appellant*

# CERTIFICATE OF COMPLIANCE

I certify that this document complies with the type-volume limitations of Fed. R. App. P. 27(d)(2) because it contains 743 words, excluding the parts exempted by Fed. R. App. P. 27(d)(2).  This document complies with the typeface and type-style requirements of Fed. R. App. P. 27(d)(1) because it has been prepared in a 14-point, proportionally spaced typeface.

<pre>                                    /s/ Cooper Strickland
                                    Cooper Strickland</pre>

**CERTIFICATE OF SERVICE**

I hereby certify that on this 13th day of March, 2025, I electronically filed the foregoing document with the Clerk of the Court for the United States Court of Appeals for the Fourth Circuit by using the Court's appellate CM/ECF system, which accomplished service on counsel of record through CM/ECF.

/s/ Cooper Strickland
Cooper Strickland
