No. 24-2056

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FOURTH CIRCUIT

CARYN DEVINS STRICKLAND,

*Plaintiff-Appellant*,

v.

NANCY L. MORITZ, ET AL.,

*Defendants-Appellees*.

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA

**RESPONSE TO DEFENDANT-APPELLEES'
MOTION TO FILE SUPPLEMENTAL APPENDIX**

Plaintiff-Appellant respectfully opposes Defendants-Appellees' motion for leave to file a supplemental appendix. Doc. 86.

Defendants' motion should be summarily denied for failure to comply with this Court's Local Rule 30(c). "Local rules are binding on the parties and the court that promulgated them." *Muhammad v. Fleming*, 29 F.4th 161, 166 n.6 (4th Cir. 2022). Fourth Circuit Local Rule 30(c) states that "[i]f a party files a motion for leave to file a supplemental appendix, the motion *must specifically identify the contents of the supplemental appendix*." Loc. R. 30(c) (emphasis added). Defendants' motion does not "specifically identify the contents of the supplemental appendix" they wish to file as required by this Court's rules. *Id.*

1

Defendants vaguely state that the appendix "would contain documents that are part of the record on appeal, including exhibits that were admitted by the district court at trial that do not appear to be accessible on the electronic docket." Doc. 86, at 1. Defendants' use of the extraordinarily broad term "documents" provides no reasonable notice of what the supplemental appendix would include. Nor does the phrase "exhibits that were admitted by the district court at trial" substantially narrow their request, given that, by their own admission, the district court "received into evidence thousands of pages of documents." Doc. 86, at 1. Defendants also have not provided reasonable notice to Plaintiff of what exhibits they intend to include, as they continue to assert that the proposed list "may change between now and May 15 filing deadline." Doc. 86, at 1. Granting Defendants' motion not only would violate the plain text of Rule 30(c), which is binding on this Court, but it also would be fundamentally unfair, as Plaintiff has not been provided adequate notice of the specific items Defendants intend to include and an opportunity to respond.

Respectfully Submitted,

*/s/ Cooper Strickland*

Cooper Strickland
P.O. Box 92
Lynn, NC 28750
Tel. (828) 817-3703
cooper.strickland@gmail.com

*Counsel for Plaintiff-Appellant*

2

## CERTIFICATE OF COMPLIANCE

I certify that this document complies with the type-volume limitations of Fed. R. App. P. 27(d)(2) because it contains 299 words, excluding the parts exempted by Fed. R. App. P. 27(d)(2). This document complies with the typeface and type-style requirements of Fed. R. App. P. 27(d)(1) because it has been prepared in a 14-point, proportionally spaced typeface.

/s/ Cooper Strickland
Cooper Strickland

## CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of May, 2025, I electronically filed the foregoing document with the Clerk of the Court for the United States Court of Appeals for the Fourth Circuit by using the Court's appellate CM/ECF system, which accomplished service on counsel of record through CM/ECF.

/s/ Cooper Strickland
Cooper Strickland
