No. 24-2056

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FOURTH CIRCUIT

CARYN DEVINS STRICKLAND,

*Plaintiff-Appellant*,

v.

NANCY L. MORITZ, ET AL.,

*Defendants-Appellees*.

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA

## MOTION TO SUSPEND REQUIREMENT TO FILE
## PRINTED COPIES OF JOINT APPENDIX

Pursuant to Federal Rules of Appellate Procedure 2, 27, and 30, Plaintiff-Appellant Caryn Devins Strickland respectfully requests that this Court suspend the requirement to file paper copies of the joint appendix. This request is made for good cause because filing four printed copies of the joint appendix, which is nearly 4,500 pages long, would cost more than $6,000. This would impose a substantial financial hardship on Plaintiff, who is a solo practitioner practicing indigent criminal defense while also litigating her claims of constructive discharge from her federal employer. Alternatively, if the Court determines that printed copies of the joint appendix are required, it could consider ordering Defendants, who are jointly responsible for preparing the joint appendix, to bear the costs.

1

This Court may suspend or modify the appellate rules for good cause. Under Rule 2, the Court may "suspend any provision of these rules in a particular case and order proceedings as it directs." Fed. R. App. P. 2(a). Moreover, Rule 30 allows the Court to dispense with the appendix and proceed on the original record, which indicates that a printed formal appendix is not required. Fed. R. App. 30(f). This Court's Local Rules also state that, "[n]otwithstanding that FRAP 30 provides that the appellant shall prepare and file the appendix, the Court considers the coordination of preparing the appendix to be the responsibility of both sides." Loc. R. 30(c). Thus, both parties are responsible for filing the appendix with this Court.

In this case, the joint appendix is 4,448 pages long, including the sealed appendix volume. Because this case involves an appeal from a bench trial, the bulk of the joint appendix consists of transcripts of witness testimony, which is necessarily lengthy. Moreover, Plaintiff understands Defendants' brief to complain that she did not include trial exhibits already in the record in the Joint Appendix, which would have only increased its length and the cost of printing. *See* Doc. 92 (motion to forward trial exhibits pursuant to Fed. R. App. P. 11(e)).

Requiring Plaintiff to file four printed copies of the joint appendix, which would amount to nearly 18,000 pages of material, would impose a substantial financial hardship. Plaintiff has received an estimate from a professional appellate printer that filing paper copies of the joint appendix will cost approximately

$6,200.00. As a solo practitioner specializing in indigent criminal defense, this cost would impose a significant financial burden on Plaintiff.

Moreover, Plaintiff's constructive discharge, and her attempt to vindicate her rights through this litigation, have been nothing short of financially devastating. And this devastation has occurred in multiple different ways. For example, Plaintiff was advised by the ethics department of the North Carolina Bar that because of this lawsuit, "all parties and the court must consent" in order for her to practice law within the Fourth Circuit. ECF No. 125-1, at 20-21. This ethics advice has effectively precluded Plaintiff from practicing law in federal court, which has substantially curtailed her career opportunities.

Additionally, Plaintiff has been unable to devote her full attention to her state-court indigent defense work while this litigation has been pending, in part, because of the highly disruptive impact of this unusual litigation in which she has been required to serve as both attorney and party. The district court's refusal even to consider ruling on Plaintiff's preliminary injunction motion for more than two years, until it ruled against her on the merits at trial, was also an unexpected factor that contributed to Plaintiff's bleak financial situation. *See* ECF No. 125 (PI motion filed in July 2022); *A.A.R.P. v. Trump*, No. 24A1007, 2025 U.S. LEXIS 1837, at *3 (May 16, 2025) (affirming that "[a] district's inaction" resulting in irreparable harm can have "the practical effect of refusing an injunction." (quoting

*Carson v. American Brands, Inc.*, 450 U. S. 79, 84 (1981)). Regardless of whether the district court's use of "consolidation" to delay a ruling on the PI motion for more than two years was legally proper, there is no denying that the loss of her potential earnings during this lengthy period was financially ruinous.

Plaintiff's meager income is a matter of public record, and the trial record contains extensive evidence of the financial ruin Plaintiff has suffered due to her constructive discharge and subsequent events during this litigation. *See* JA2262-2302. Indeed, even Defendants' own expert, Dr. Paul White, provided an estimate that Plaintiff will have lost earnings of nearly $700,000 over a six-year period. JA 2295 (quoting Defendants' expert report); JA 2763-64 (trial testimony).

Moreover, Plaintiff did not even want to proceed to this stage of the appeal, as she requested and earnestly pursued mediation in good faith to reach a reasonable resolution of this lawsuit without the need for further litigation. Meanwhile, Defendants have already threatened to pursue costs against Plaintiff in district court if she does not prevail in this appeal.

If this Court determines that printed copies of the joint appendix are required, it could consider ordering Defendants, who are jointly responsible for the joint appendix, to cover the costs. Such an order would not be unfair or prejudicial to Defendants under the circumstances of this case. Defendants and their counsel at the Department of Justice have access to unlimited taxpayer funds, which they

4

have already spent prolifically defending this case. In fact, Defendants spent nearly $100,000 in taxpayer funds in expert fees, alone, including allocating more than $70,000 for a single expert. ECF No. 362, at 7–8. Defendants also spent $24,750 on an expert who opined that Plaintiff should have mitigated her damages by abandoning a public defense career and working in Big Law, who ultimately did not even testify at trial. *See* ECF No. 362, at 8; JA2752; *see* JA3801 (district court's statement that "I don't buy the argument she ought to be earning in what the average Duke Law School graduate at Big Law is taking home. That's just wrong"). If Defendants were willing to spend more than $20,000 on an expert who they did not even call as a witness at trial, then it would be a comparatively modest expense for them to spend $6,000 on a joint appendix for this appeal.[1]

Prior to filing this motion, Plaintiff attempted to resolve the issue with Defendants. Rule 30 provides that the appellant is presumptively responsible for the cost of the appendix, but the parties may "agree otherwise." Fed. R. App. P. 30(b)(2). Plaintiff requested that "in the interest of fairness, the parties agree that

---

[1] Even if Plaintiff prevails in this appeal and is thus entitled to recover her costs, that will not fully alleviate the financial burden of printing the joint appendix. During the prior appeal, it took more than three months for the district court to order the taxation of costs imposed by this Court's mandate, and several more months before Defendants actually paid those costs. ECF No. 117; ECF No. 153. In the meantime, Plaintiff was responsible for bearing the costs of the appeal. The costs of this appeal are much greater than the prior appeal, thus increasing commensurately the financial burden of this delay.

the government pay the cost of printing the joint appendix to ensure that the Court will have a printed copy prior to oral argument." Defendants rejected Plaintiff's request. Defendants provided the following position on this motion:

> Defendants-appellees take no position on plaintiff-appellant's request for the Court to "suspend the requirement to file printed copies of the joint appendix." Defendants oppose plaintiff's alternative request to "require defendants to bear the costs" of printing the Joint Appendix. Under Federal Rule of Appellate Procedure 30(b)(2), these costs are ultimately taxable by the Court but must, in the first instance, be paid by the appellant unless the parties agree otherwise. There are several reasons why, in defendants' view, such a departure from this ordinary rule is unwarranted here. All of the material in the 4,448-page Joint Appendix was designated by plaintiff. These designations include numerous memoranda of law that appear to lack "independent relevance," as required for their inclusion to have been permissible in the first place under Rule 30(a)(2). Moreover, as defendants explained in their motion for leave to file a supplemental appendix (which this Court granted over plaintiff's objection), at the time plaintiff's appendix designations were served, it was unclear to defendants' counsel which of the numerous trial exhibits not included in plaintiff's designations, if any, might be relevant to the issues plaintiff would raise on appeal. Defendants have accordingly filed a 140-page Supplemental Appendix, which they will bear the cost of printing. Requiring defendants to bear additional costs in these circumstances is unwarranted.

> Respectfully Submitted,
>
> */s/ Cooper Strickland*
>
> Cooper Strickland
> P.O. Box 92

Lynn, NC 28750
Tel. (828) 817-3703
cooper.strickland@gmail.com

*Counsel for Plaintiff-Appellant*

# CERTIFICATE OF COMPLIANCE

I certify that this Motion complies with the type-volume limitations of Fed. R. App. P. 27(d)(2) because it contains 1427 words, excluding the parts exempted by Fed. R. App. P. 27(d)(2). This Motion complies with the typeface and type-style requirements of Fed. R. App. P. 27(d)(1) because it has been prepared in a 14-point, proportionally spaced typeface.

/s/ Cooper Strickland
Cooper Strickland

**CERTIFICATE OF SERVICE**

I hereby certify that on this 19th day of May, 2025, I electronically filed the foregoing document with the Clerk of the Court for the United States Court of Appeals for the Fourth Circuit by using the Court's appellate CM/ECF system, which accomplished service on counsel of record through CM/ECF.

/s/ Cooper Strickland
Cooper Strickland