No. 24-2056

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FOURTH CIRCUIT

Caryn Devins Strickland,
  *Plaintiff-Appellant*,

v.

Nancy L. Moritz, et al.,
  *Defendants-Appellees*.

On Appeal from the United States District Court for the
Western District of North Carolina

**PLAINTIFF-APPELLANT'S MOTION TO SEAL
ORAL ARGUMENT REGARDING METOO EVIDENCE**

This case involves "MeToo" complaints alleging harassment, discrimination, and retaliation. The information publicly available about these complaints includes allegations that Federal Defender Anthony Martinez ***used "crude language regarding women and members of the LGBTQIA+ community," including by referring to a female Assistant United States Attorney as a "fucking bitch,"*** and that First Assistant J.P. Davis ***used "sexual hand gestures."*** Doc. 50, at 6–10.

Plaintiff-Appellant Caryn Devins Strickland respectfully moves to seal oral argument for the limited purpose of discussing MeToo evidence, if warranted as discussed below. Under this Court's local rules, "[a]ny motion to seal argument

1

must be filed on the public docket at least five days before oral argument." Fourth Circuit I.O.P-34.3. Otherwise, "sealed documents" "should not be included in argument to the Court." *Id.*

The MeToo evidence largely speaks for itself, as discussed in Plaintiff's briefing. However, if Defendants continue to allege, either directly or indirectly, that Plaintiff's "factual representations" are "inaccurate or, at best, misleading," Doc. 89, at 36 n.8, trivialize alleged misconduct, or assert that discrimination existed only in "her mind," JA2417, then discussing the substance of MeToo evidence, which undermines these assertions, and the reasons why the district court erred in not admitting it, could "significantly ai[d]" the Court's "decisional process." Fed. R. App. P. 34(a)(2)(C). The MeToo evidence remains under seal pending a decision from this Court on Plaintiff's motion to unseal. *See* Doc. 56. Absent a ruling on that motion prior to oral argument, Plaintiff therefore requests that the argument be sealed for the limited purpose of discussing MeToo evidence, if the Court determines that sealing will aid the decisional process.

Defendants stated: "Defendants defer to the Court as to whether it would assist the Court to address any sealed material during oral argument. If the Court concludes that it is necessary to discuss details of the allegations of non-parties that are presently under seal, defendants agree that it would be appropriate to hold a

closed argument session limited to that discussion."

Respectfully Submitted,

*/s/ Cooper Strickland*

Cooper Strickland
P.O. Box 92
Lynn, NC 28750
Tel. (828) 817-3703
cooper.strickland@gmail.com

*Counsel for Plaintiff-Appellant*

# CERTIFICATE OF COMPLIANCE

I certify that this Motion complies with the type-volume limitations of Fed. R. App. P. 27(d)(2) because it contains 330 words, excluding the parts exempted by Fed. R. App. P. 27(d)(2).  This Motion complies with the typeface and type-style requirements of Fed. R. App. P. 27(d)(1) because it has been prepared in a 14-point, proportionally spaced typeface.

/s/ Cooper Strickland
Cooper Strickland

**CERTIFICATE OF SERVICE**

I hereby certify that on this 23rd day of June, 2025, I electronically filed the foregoing document with the Clerk of the Court for the United States Court of Appeals for the Fourth Circuit by using the Court's appellate CM/ECF system, which accomplished service on counsel of record through CM/ECF.

<u>/s/ Cooper Strickland</u>
Cooper Strickland