IN THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

| | |
|---|---|
| CARYN DEVINS STRICKLAND,<br><br>Plaintiff-Appellant,<br><br>v.<br><br>NANCY L. MORITZ, *et al.*,<br><br>Defendants-Appellees. | No. 24-2056 |

**DEFENDANTS-APPELLEES' RESPONSE TO
MOTION TO SEAL ORAL ARGUMENT**

This appeal is fully briefed and oral argument is scheduled for Monday, June 30. Plaintiff-appellant "moves to seal oral argument for the limited purpose of discussing" what she refers to as the proposed "MeToo evidence," "if warranted." Mot. 1-2. On June 23, this Court directed defendants-appellees to respond to plaintiff's motion. As explained below, defendants believe this case can be argued publicly, in an open courtroom, without need by either party or the Court to refer to the specific contents of the sealed information. Indeed, the district court excluded these materials as irrelevant and inadmissible. If the Court concludes that it is necessary to discuss at oral argument details of the allegations of non-parties that are

under seal, however, defendants agree that it would be appropriate to hold a closed argument session limited to that discussion.

**1.** On February 18, 2025, plaintiff submitted a 585-page sealed appendix volume containing detailed information on four non-parties' allegations made under the Fourth Circuit's Employment Dispute Resolution Plan (EDR Plan), along with a motion requesting that this Court issue an order unsealing a version of this volume with redactions only for the names of the four non-parties but not for the other details and documentation related to their allegations. Defendants filed an opposition to the motion to unseal, plaintiff filed a reply, and on March 11 the Court "defer[red] consideration of the motion to unseal pending review of the appeal on the merits."

**2.** For the reasons explained in defendants' opposition to the motion to unseal, the material at issue is properly sealed to protect against the public disclosure of information of non-parties who were assured that their allegations under the EDR Plan would be kept confidential. The sealed appendix volume—which includes plaintiff's proffered Exhibit BB as well as hundreds of pages of her district-court filings discussing its contents—contains confidential complaints, settlement agreements, and other personnel-related information regarding four non-parties who made

allegations under the EDR Plan. Plaintiff elected not to call any of these complainants as witnesses at trial, and the district court held that her proposed exhibit was inadmissible on the grounds of both relevance and hearsay.

There are meaningful differences, however, between sealing material in the record and closing oral argument. *See, e.g.*, *BP Expl. & Prod., Inc. v. Claimant ID 100246928*, 920 F.3d 209 (5th Cir. 2019). Defendants are prepared to argue this case publicly, in an open courtroom, without referring to the contents of the sealed information itself. Defendants' answering brief and their response to the motion to unseal were both filed publicly and contain no sealed information. As those filings reflect, in defendants' view, the issues on appeal can be resolved through open proceedings with no need to reveal details of the sealed information itself on the public docket. Defendants' answering brief details their argument that the district court did not abuse its discretion in excluding plaintiff's proffered exhibit, and even if it did, any such error was harmless. The public record already includes ample information that bears on plaintiff's arguments on appeal, including: plaintiff's own district-court summaries of these non-parties' allegations, JA2882-2885; the district court's thorough, publicly available decision issued following the conclusion of a multi-day

bench trial held in open court, JA3518-3802; assertions about the non-party allegations that plaintiff has included in the redacted, publicly filed version of her opening brief, Pl. Br. 93-111; responses to the pertinent arguments regarding admissibility in defendants' publicly filed response brief, Defs. Br. 70-77; and the publicly filed version of plaintiff's reply brief, which includes only a handful of redactions, none of which appear in the section addressing the proffered exhibit's admissibility, Reply Br. 24-25.

For these reasons, it may be unnecessary to address details that remain under seal at oral argument, but defendants defer to the Court as to whether it would assist the Court to address any sealed material during oral argument. If the Court has questions that turn on the specific contents of information that remains under seal, or if it becomes necessary for counsel to answer questions by referring to details that are sealed, defendants agree that it would be appropriate to hold a closed argument session limited to that discussion.

Respectfully submitted,

COURTNEY L. DIXON

 /s/ Kevin B. Soter
KEVIN B. SOTER
(202) 305-1754
   Attorneys, Appellate Staff
   Civil Division
   U.S. Department of Justice
   950 Pennsylvania Ave. NW
   Room 7222
   Washington, D.C. 20530

JUNE 2025

# CERTIFICATE OF COMPLIANCE

Pursuant to Federal Rule of Appellate Procedure 32(g), I hereby certify this motion complies with the requirements of Rule 27(d)(1)(E) because it has been prepared in 14-point Georgia, a proportionally spaced font, and that it complies with the type-volume limitation of Rule 27(d)(2)(A) because it contains 705 words, according to the count of Microsoft Word.

                                          /s/ *Kevin B. Soter*
                                          KEVIN B. SOTER