No. 24-2056

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FOURTH CIRCUIT

CARYN DEVINS STRICKLAND,

    *Plaintiff-Appellant*,

v.

NANCY L. MORITZ, ET AL.,

    *Defendants-Appellees*.

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA

## REPLY IN SUPPORT OF MOTION TO SEAL
## ORAL ARGUMENT REGARDING METOO EVIDENCE

    This Court has the discretion to determine whether oral argument regarding the MeToo evidence will "significantly ai[d]" the Court's "decisional process." Fed. R. App. P. 34(a)(2)(C). While Defendants initially stated that they "defer to the Court" on this issue, Doc. 116, at 2, they now assert that "this case can be argued publicly" without the need "to refer to specific contents of the sealed information," Doc. 118, at 1. In response, Plaintiff notes that it will be difficult to meaningfully discuss her equal protection claim without the important context provided by this evidence, and respectfully requests that this Court keep the interests of fairness in mind.

    For example, the district court gave Martinez the benefit of the doubt regarding whether he had "done all" he could to address the harassment, or whether

1

there were "other obvious and reasonable steps" he could have taken. *Feminist Majority Found. v. Hurley*, 911 F.3d 674, 693 (4th Cir. 2018). The district court found that transferring Plaintiff exclusively to appeals, outside of Davis's supervision of the trial unit, would have been "feasible" and "prudent," but refused to "speculate" why it did not occur. Doc. 49, at 32–33. The district court also found that Martinez's claim that there was no office space in the FDO's other duty station was "weakened" by the fact that the office had a stated "*full-time need*" for an attorney in that office, and officials even set up a cubicle for a "*summer intern*," but it, nonetheless, accepted Martinez's dubious claim. *See* Doc. 49, at 33. The MeToo evidence, which the district court excluded in its entirety and refused to consider for any purpose, is relevant to whether Martinez truly was constrained from taking obvious and reasonable steps to redress harassment, or whether his conduct was part of a pattern of discrimination and retaliation.

Likewise, the district court found that the negative "consequences" Plaintiff "regrettably" faced after "reporting her good-faith sexual harassment claim" were "mistakes," "coincidences," and "errors." *See* Doc. 49, at 32, 106. For example, Martinez's failure to consider Plaintiff for the grade-level promotion at issue in Davis's *quid pro quo* "Mas Dinero" email was, purportedly, an "administrative oversight," even though it was not corrected even after officials were on notice of her claim for more than six months, and Martinez's stated policy was to "max all my

staff to the largest maximum [salary]." Doc. 49, at 30. The MeToo evidence is relevant to whether Martinez's actions were mere "errors in judgment" or motivated by discriminatory intent. *Calobrisi v. Booz Allen Hamilton, Inc.*, 660 F. App'x 207, 210 (4th Cir. 2016) (unpub. per curiam).

Respectfully Submitted,

*/s/ Cooper Strickland*

Cooper Strickland
P.O. Box 92
Lynn, NC 28750
Tel. (828) 817-3703
cooper.strickland@gmail.com

*Counsel for Plaintiff-Appellant*

# CERTIFICATE OF COMPLIANCE

I certify that this document complies with the type-volume limitations of Fed. R. App. P. 27(d)(2) because it contains 434 words, excluding the parts exempted by Fed. R. App. P. 27(d)(2).  This Motion complies with the typeface and type-style requirements of Fed. R. App. P. 27(d)(1) because it has been prepared in a 14-point, proportionally spaced typeface.

/s/ Cooper Strickland
Cooper Strickland

# CERTIFICATE OF SERVICE

I hereby certify that on this 26th day of June, 2025, I electronically filed the foregoing document with the Clerk of the Court for the United States Court of Appeals for the Fourth Circuit by using the Court's appellate CM/ECF system, which accomplished service on counsel of record through CM/ECF.

/s/ Cooper Strickland  
Cooper Strickland