No. 24-2056

### IN THE UNITED STATES COURT OF APPEALS
### FOR THE FOURTH CIRCUIT

CARYN DEVINS STRICKLAND,

*Plaintiff-Appellant*,

v.

NANCY L. MORITZ, ET AL.,

*Defendants-Appellees*.

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA

### PLAINTIFF-APPELLANT'S
### MOTION TO UNSEAL

Caryn Devins Strickland respectfully moves to unseal Doc. 129, which contains Defendants' unredacted "Motion to Strike Privilege Assertion." This filing does not contain Strickland's unredacted response to Defendants' motion to strike, because the district court refused to allow it even to be filed and denied her due process right to be heard. ECF No. 238. Along with unsealing, Strickland moves for leave to file a reply in support of her Petition for Rehearing. *See* Doc. 128.

As discussed in the Petition for Rehearing, Defendants' counsel obstructed this proceeding by raising unfounded allegations based on misapprehensions of law and fact, and without disclosing controlling adverse precedent, in their "Motion to Strike Privilege Assertion." Strickland's *pro bono* legal team moved to withdraw only *four*

1

*days* after Defendants' counsel first raised these spurious allegations. If Defendants were merely raising "additional inquiry" and not "making any allegation," as they later claimed, that merely confirms that there was no valid basis for all four members of Strickland's *pro bono* legal team to withdraw. Doc. 128, at 5–11. Tellingly, on appeal, Professor Gersen even told Strickland, "[v]ery excited to represent you again," and later proposed terms for an engagement letter to which Strickland agreed. *See* Doc. 128, at 12–13.

In fact, Defendants' on-the-record explanation confirms a likely abuse of the discovery process. A litigant's counsel must defend against these abusive litigation tactics, not abandon the client when opposing counsel engages in improper discovery conduct. If this constitutes an irreconcilable difference, this Court's published decision will insulate litigation misconduct by an opposing party to gain an unfair advantage from judicial review.

The district court compounded Defendants' counsels' errors by failing to conduct any inquiry or make any finding of good cause, as required by Local Rule 83.1(f) and due process principles, before allowing Strickland's legal team to withdraw in a one-sentence entry order just nine days before the summary judgment deadline and on the doorstep of trial. And inexplicably, the court refused *even to allow Strickland to file* her unredacted response to the allegations in the docket:

2

**PLAINTIFF'S RESPONSE TO DEFENDANTS' "MOTION TO STRIKE PRIVILEGE ASSERTION AND TO COMPEL DEPOSITION TESTIMONY"**

Defendants' motion █████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
███████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
███████████████████

Doc. 128, at 10; *see* Appendix. In short, this Court correctly held that the district court abused its discretion when it failed to serve as the only backstop to ensure that the discovery process was not abused and Strickland was not abandoned by counsel.

By refusing to allow Strickland to be heard, the district court violated her due process rights and the Code of Conduct for United States Judges. *See Goldberg v. Kelly*, 397 U.S. 254, 267 (1970) ("The fundamental requisite of due process of law is the opportunity to be heard." (citation omitted)); Code of Conduct for United States Judges Canon 3(A)(4), *available at* https://tinyurl.com/3tnnv55a ("A judge should accord to every person who has a legal interest in a proceeding, and that person's lawyer, the full right to be heard according to law."). The ABA's Model Code of Judicial Conduct explains: "The right to be heard is an essential component of a fair

3

and impartial system of justice. Substantive rights of litigants can be protected only if procedures protecting the right to be heard are observed." ABA Model Code of Judicial Conduct cmt. Rule 2.6, *available at* https://tinyurl.com/4kk28cjc.

Strickland has a due process right not to be "public[ly] brand[ed]" with unfounded allegations by federal officials. *Pub. Interest Legal Found., Inc. v. N.C. State Bd. of Elections*, 996 F.3d 257, 267 (4th Cir. 2021). Nevertheless, Defendants' counsel have hid behind the lack of transparency. They claim they cannot provide any "additional details" to this Court to justify their conduct given Strickland's valid assertion of confidentiality—even though they had the opportunity to present these allegations publicly in their Answer and during trial and elected not to do so after being admonished that the allegations were not "relevant" unless they, as officers of the court, were willing to represent that the alleged conduct "is violative of the law in North Carolina." Doc. 128, at 11; Doc. 34, at 2 n.1. Their silence is telling. Strickland expects the same obfuscation in Defendants' Response to her Petition for Rehearing, absent the accountability brought by public exposure of their conduct. Unsealing will allow Defendants' counsel to provide the "additional details" they have previously avoided providing to this Court.

Because the district court denied Strickland her most basic due process right to be heard as a litigant, as a matter of fundamental fairness under the Due Process Clause, Strickland requests leave to file a Reply in Support of her Petition for

4

Rehearing in addition to unsealing. The Fourth Circuit and others have granted leave for a party to file a reply in support of rehearing upon motion. *See, e.g.*, *Lyons v. PNC Bank, N.A.*, 2024 U.S. App. LEXIS 29701 (4th Cir. Nov. 21, 2024); *Polfiet v. Cuccinelli*, 2020 U.S. App. LEXIS 22776 (4th Cir. July 21, 2020); *Bahlul v. United States*, 2023 U.S. App. LEXIS 28951 (D.C. Cir. Oct. 31, 2023); *Klick v. Cenikor Found.*, 2023 U.S. App. LEXIS 27970 (5th Cir. Oct. 31, 2023); *Bladeroom Grp. v. Emerson Elec. Co.*, 2021 U.S. App. LEXIS 34163 (9th Cir. Nov. 17, 2021); *J&R Mktg., SEP v. GMC*, 2008 U.S. App. LEXIS 13454 (6th Cir. June 26, 2008). Here, there can hardly be a stronger reason to allow Strickland to file a reply than the fact that she has been denied her basic due process right to be heard regarding the issues that Defendants have been ordered to address in their response.[1]

Defendants provided the following position: "Defendants are unable to assess on a same-day turnaround whether plaintiff's 75-page appendix to her rehearing petition contains material that should remain under seal." In response to Defendants' position, Strickland respectfully notes that Defendants did not seek clarification of the motion, and Doc. 129 only contains one unredacted sealed filing, which is Defendants' "Motion to Strike Privilege Assertion."

Respectfully Submitted,

---

[1] Because the reasons for requesting unsealing and leave to file a reply are inextricably intertwined, they are addressed in a single supporting memorandum of law filed for both motions. *See* Fourth Cir. Loc. R. 27(c).

*/s/ Cooper Strickland*

Cooper Strickland
P.O. Box 92
Lynn, NC 28750
Tel. (828) 817-3703
cooper.strickland@gmail.com

*Counsel for Plaintiff-Appellant*

6

## CERTIFICATE OF COMPLIANCE

I certify that this Motion complies with the type-volume limitations of Fed. R. App. P. 27(d)(2) because it contains 1,005 words, excluding the parts exempted by Fed. R. App. P. 27(d)(2). This Motion complies with the typeface and type-style requirements of Fed. R. App. P. 27(d)(1) because it has been prepared in a 14-point, proportionally spaced typeface.

/s/ Cooper Strickland
Cooper Strickland

## CERTIFICATE OF SERVICE

     I hereby certify that on this 13th day of November, 2025, I electronically filed the foregoing document with the Clerk of the Court for the United States Court of Appeals for the Fourth Circuit by using the Court's appellate CM/ECF system, which accomplished service on counsel of record through CM/ECF.

/s/ Cooper Strickland
Cooper Strickland