**No. 24-2056**

---

### IN THE UNITED STATES COURT OF APPEALS
### FOR THE FOURTH CIRCUIT

---

CARYN DEVINS STRICKLAND,

Plaintiffs-Appellant,

v.

NANCY L. MORITZ, et al.,

Defendants-Appellees.

---

On Appeal from the United States District Court
for the Western District of North Carolina

---

### OPPOSITION TO PETITION FOR PANEL REHEARING

---

BRETT A. SHUMATE
  *Assistant Attorney General*

COURTNEY L. DIXON
KEVIN B. SOTER
  *Attorneys, Appellate Staff*
  *Civil Division, Room 7222*
  *U.S. Department of Justice*
  *950 Pennsylvania Avenue NW*
  *Washington, DC 20530*
  *(202) 305-1754*

**TABLE OF CONTENTS**

<u>**Page**</u>

INTRODUCTION AND SUMMARY ...............................................................1

STATEMENT ...................................................................................... 2

ARGUMENT ..................................................................................... 4

CONCLUSION ..................................................................................12

CERTIFICATE OF COMPLIANCE

# TABLE OF AUTHORITIES

**Cases:**     **Page(s)**

*A Sealed Case,*
   890 F.2d 15 (7th Cir. 1989) ................................................................. 5

*Avail Vapor, LLC v. U.S. Food & Drug Admin.,*
   55 F.4th 409 (4th Cir. 2022) .............................................................. 2

*Kotteakos v. United States,*
   328 U.S. 750 (1946) ........................................................................... 5

*Laster v. District of Columbia,*
   460 F. Supp. 2d 111 (D.D.C. 2006) ............................................... 9-10

*Pullman-Standard v. Swint,*
   456 U.S. 273 (1982) ........................................................................... 9

*Shaffer v. Farm Fresh, Inc.,*
   966 F.2d 142 (4th Cir. 1992) ........................................................... 10

*Shinseki v. Sanders,*
   556 U.S. 396 (2009) ........................................................................... 5

**Statute:**

28 U.S.C. § 2111 ...................................................................................... 2

**Rule:**

Fed. R. App. P. 40(b)(1)(A) .................................................................... 2

## INTRODUCTION AND SUMMARY

As the Court is aware, plaintiff is an attorney formerly employed by the Federal Public Defender's Office for the Western District of North Carolina. She filed this lawsuit asserting that officials in that office, as well as in the Fourth Circuit and in the Administrative Office of the United States Courts, violated her due-process and equal-protection rights guaranteed by the Fifth Amendment to the United States Constitution. The district court held that the factual record does not support these legal claims, and this Court unanimously affirmed. Plaintiff's rehearing petition does not ask the Court to revisit any of its conclusions regarding the merits of her legal claims.[1] Instead, plaintiff focuses solely on the Court's conclusion that she is not entitled to reversal of the district court's final judgment based on the lack of an express good cause finding in the district court's pre-trial decision allowing most (but not all) of her counsel to withdraw from representing her. Am. Op. 48-49; *see* Pet. 14-18.

This Court's reasoning was correct, and plaintiff provides no basis for

---

[1] Plaintiff briefly asserts in the Introduction section of her petition that the Court "made fundamental errors" in addressing the merits of her claims, Pet. 3, but she has forfeited any such challenge to the Court's opinion by failing to develop any argument supporting that assertion in her petition. In any event, the panel decision is sound on the merits as well.

granting panel rehearing. Far from "overlook[ing] or misapprehend[ing]" any legal or factual issue, Fed. R. App. P. 40(b)(1)(A), the panel correctly recognized that the district court's ruling "did not ultimately prejudice Strickland at trial" for several reasons, all of which are well-supported. Am. Op. 48. Appellate courts must review cases "without regard to errors" that "do not affect the substantial rights of the parties," 28 U.S.C. § 2111, and plaintiff failed to show that the district court's ruling had any such effect on her substantial rights. *See Avail Vapor, LLC v. U.S. Food & Drug Admin.*, 55 F.4th 409, 425-26 (4th Cir. 2022) (explaining harmless-error rule for civil cases, under which an appellant must carry the burden of showing that any error is harmful).

## STATEMENT

This Court is well-familiar with the factual and legal issues involved in this case. As relevant to the rehearing petition, plaintiff contends that rehearing is warranted based on the portion of the panel's decision addressing a matter that arose in district court prior to trial.

When plaintiff initially filed this case, and throughout the litigation, plaintiff has been represented by her spouse in addition to representing herself for certain purposes. For a period of time following the initial dismissal of her case by the district court, plaintiff was also represented by

2

four *pro bono* attorneys.  Four days after plaintiff's April 25, 2023, deposition, plaintiff's *pro bono* attorneys filed a motion to withdraw as counsel on the basis that "a conflict has arisen such that counsel cannot continue to represent Ms. Strickland, and there are irreconcilable differences in the attorney-client relationship."  Dkt. No. 207, at 1.  On the deadline to file a response to the motion, plaintiff filed a response requesting that the motion "be held in abeyance to allow Plaintiff to evaluate the ongoing developments" and "provide a more informed position."  Dkt. No. 215, at 1.  Eight days later, the district court entered an order granting the motion, explaining that "[s]ufficient time" had "elapsed for the plaintiff to object to the motion" but she had instead only made "a request for delay."  Order (May 23, 2023).  The case proceeded to a bench trial, and the district court issued comprehensive findings and conclusions ruling in favor of defendants.  JA3518-3802.

This Court affirmed.  The Court thoroughly addressed plaintiff's attacks on the district court's judgment and explained why they did not establish any reversible error.  In addition, the Court addressed plaintiff's argument that the district court erred in granting her *pro bono* counsel's motion to withdraw.  Am. Op. 48.  The Court concluded that the district court abused its discretion by not conducting "a good-cause analysis" as

3

required by the local rules.  Am. Op. 47-48.  But the Court explained that this error, which was "more technical than substantive," did not ultimately prejudice plaintiff and did not warrant reversal.  Am. Op. 48-49.

## ARGUMENT

The panel agreed with plaintiff that the district court had abused its discretion by granting her *pro bono* counsel's withdrawal motion but correctly explained why the district court's error, which was "more technical than substantive," was not a basis for reversing the final judgment.  Am. Op. 48-49.  Plaintiff's rehearing petition does not identify any legal or factual issue this Court overlooked or misapprehended in its prior opinion.  No further review is warranted.

**A.**  As the panel emphasized, although the district court did not itself explain a good-cause finding in its decision as required by the local rules, the district court plainly "would have been within its discretion to find good cause based on pro bono counsel's representation of irreconcilable differences and based on [plaintiff]'s failure to object to withdrawal."  Am. Op. 48-49.  Indeed, plaintiff's contrary argument "necessitates an assumption that the district court would have required counsel to continue representing Strickland in a pro bono capacity through the end of the case despite counsel's protestations of irreconcilable differences," which would

4

have been "clearly unreasonable." Am. Op. 49. As the panel explained, plaintiff did not cite "a single civil case" supporting that view. *Id.* To the contrary, plaintiff's position is at odds with *A Sealed Case*, 890 F.2d 15 (7th Cir. 1989), in which the court of appeals issued a writ of mandamus because a district court had "exceed[ed its] authority by compelling counsel to render involuntary services," *id.* at 17.

The panel thus correctly applied the well-established principle of harmless error, which "seeks to prevent appellate courts from becoming 'impregnable citadels of technicality.'" *Shinseki v. Sanders*, 556 U.S. 396, 407-08 (2009) (quoting *Kotteakos v. United States*, 328 U.S. 750, 759 (1946)). Applying that principle is particularly appropriate here, where plaintiff did not object to the withdrawal motion in district court, did not ask the district court to conduct the good-cause inquiry called for by the local rules, and did not herself identify any lack of good cause supporting the withdrawal. It would be extraordinary to upend a comprehensive decision on the merits reached after a days-long bench trial and affirmed by this Court on appeal because of a pre-trial technicality that was ultimately harmless.

**B.** Plaintiff's contrary arguments likewise provide no basis for rehearing. Plaintiff casts doubt on the quality of her remaining

5

representation at trial—*i.e.*, her spouse and herself—following the withdrawal of her prior counsel, even though plaintiff was free at all relevant times to retain alternate counsel but has instead maintained that same representation throughout this litigation, including the appeal (as well as throughout the district-court litigation that preceded her prior appeal). *See* Pet. 14-15. But the district judge who presided over the lengthy proceedings in this case did not share this assessment of the quality of plaintiff's representation, choosing instead to compliment the "fine professional job" that plaintiff and her spouse did in presenting her claims. JA3801 n.148. More fundamentally, even if plaintiff's *pro bono* counsel would have been more experienced or effective (Pet. 14), that is ultimately irrelevant unless she can establish that the district court would have denied her prior counsel's withdrawal motion for lack of good cause and then required her prior counsel, on an involuntary basis, to continue representing plaintiff through trial notwithstanding her counsel's statement of a conflict of interest and irreconcilable differences. For the reasons already stated by the Court and discussed above, the record does not support either of these inferences, let alone both. The Court therefore has no occasion to speculate about whether plaintiff might have been able to

6

present a stronger case at trial if she had retained additional representation.

Plaintiff is likewise mistaken in asserting that there is no "factual basis" in the record for finding good cause to grant her former counsel's withdrawal motion. *See* Pet. 15-16. Her prior counsel asserted to the district court "that a conflict has arisen such that counsel cannot continue to represent Ms. Strickland" and that "there are irreconcilable differences in the attorney-client relationship." Dkt. No. 207, at 1. That established good cause to grant these lawyers' motion to withdraw from representing her in district court, and that assertion is not belied by plaintiff's own recounting of subsequent communications with one of her former lawyers. Pet. 13, 16. That is particularly so given that those communications occurred after the trial in this case, were not before the district court at the time it granted the motion, and are limited to the information plaintiff has chosen to include in appellate filings without further context. *E.g.*, Pet. 13. That one of plaintiff's former lawyers may have been willing to later reestablish the attorney-client relationship does not negate the existence of good cause at the time of the motion to withdraw.

Plaintiff also does not advance her argument by seeking to relitigate her assertion—which defendants strongly dispute—that defendants

7

"misrepresent[ed]" the law in district court in connection with a privilege challenge relating to her deposition testimony. Pet. 7-9. Plaintiff attempted to persuade the district court to sanction defendants and disqualify defendants' entire trial team based on the same arguments, Dkt. No. 270, which the district court correctly rejected out of hand as "without merit," JA3135. Plaintiff now contends that this dispute over a privilege challenge is "directly linked to her legal team's motion to withdraw," and implies that her experienced *pro bono* counsel were somehow misled by defendants into moving to withdraw their representation of plaintiff based on a conflict and irreconcilable differences—rather than making an independent choice to do so. Pet. 8. Nothing in the record supports that remarkable assertion. Indeed, in attempting to establish this inference, plaintiff relies on a motion to strike filed by defendants, Pet. 8, but that motion was filed weeks *after* plaintiff's counsel moved to withdraw and thus plainly could not have contributed to her counsel's decision.

Nor is there anything "incorrect" or "circular," Pet. 16, about both this Court and the district court recognizing that plaintiff's only timely response to the withdrawal motion in district court did not include an "object[ion] to withdrawal," Am. Op. 49; *see* Dkt. No. 215, at 1-2 (asserting that "Plaintiff currently lacks information that is needed to provide an informed

8

response" to the motion and "request[ing] the opportunity to provide a further update to the Court").[2] On this record, it is clearly unnecessary to remand solely so that the district court can conduct its own analysis of whether the withdrawal motion was supported by good cause. *Cf. Pullman-Standard v. Swint*, 456 U.S. 273, 292 (1982) ("[W]here findings are infirm because of an erroneous view of the law, a remand is the proper course *unless the record permits only one resolution of the factual issue*." (emphasis added)).

Finally, plaintiff has no persuasive response to this Court's recognition that she could obtain relief from the district court's final judgment only if her former lawyers could have been dragooned into representing her through trial. Citing a district court case *granting* a motion for leave to withdraw, plaintiff relies on a lawyer's generic "'obligation to see the work through to completion when he agrees to undertake the representation of his client.'" Pet. 17 (quoting *Laster v.*

---

[2] Plaintiff asserts that the district court should have waited to resolve a then-pending privilege dispute before ruling on the withdrawal motion. Pet. 16-17. But plaintiff's district court filing said only that the pendency of that motion left her in the dark as to unspecified "information that is needed to provide an informed response" to the withdrawal motion. Dkt. No. 215, at 1. The district court can hardly be faulted for treating the withdrawal motion as a distinct issue and resolving it promptly after the time had run to brief it given plaintiff's failure to explain why that separate motion would affect the proper disposition of the withdrawal motion.

*District of Columbia*, 460 F. Supp. 2d 111, 113 (D.D.C. 2006)). It cannot possibly follow from that general principle that a team of *pro bono* lawyers retained during the course of pre-trial proceedings must, as a matter of law, be forced to continue representing their client through trial even when those same lawyers have attested to a conflict and irreconcilable differences in their relationship with their client.

Plaintiff does not dispute that she "has not cited a single civil case in which this court or any other has vacated a judgment on the basis of an improper withdrawal of counsel." Am. Op. 49. According to plaintiff (Pet. 17-18), she does not need to identify any such case because, in her view, she is entitled to vacatur and remand under *Shaffer v. Farm Fresh, Inc.*, 966 F.2d 142 (4th Cir. 1992). But in *Shaffer*, the district court issued an order disqualifying the plaintiff's chosen counsel and then dismissed the plaintiff's claims "because [the plaintiff] was unable to secure alternative counsel and she was unwilling to proceed *pro se*." *Id.* at 147. This Court concluded that the district court had erred in its disqualification order and thus found "[t]hat basis for dismissal" could no longer stand. *Id.* In this case, by contrast, after losing some of her representation following their own choice to withdraw, plaintiff chose to proceed to a six-day bench trial represented by both her spouse and herself, and the district court then

10

resolved her claims on the merits.  Plaintiff has further pursued her claims on the merits in this Court, albeit unsuccessfully.  This Court correctly declined to countenance the unprecedented and unjust result of undoing all of that based on a technicality that did not cause any cognizable prejudice to plaintiff.

Plaintiff's petition includes many additional contentions that are, ultimately, irrelevant to the disposition of her petition for rehearing. Defendants strongly disagree in numerous respects with plaintiff's discussion but have confined the foregoing response to the issues that are relevant to resolving plaintiff's petition for panel rehearing.[3]

---

[3] This response addresses only panel rehearing because the Court has not requested a response to plaintiff's additional request for rehearing en banc.

## CONCLUSION

For the foregoing reasons, plaintiff's petition for panel rehearing should be denied.

Respectfully submitted,

BRETT A. SHUMATE
  *Assistant Attorney General*

COURTNEY L. DIXON

*s/ Kevin B. Soter*

KEVIN B. SOTER
  *Attorneys, Appellate Staff*
  *Civil Division, Room 7222*
  *U.S. Department of Justice*
  *950 Pennsylvania Avenue NW*
  *Washington, DC 20530*
  *(202) 305-1754*
  *kevin.b.soter@usdoj.gov*

November 2025

12

## CERTIFICATE OF COMPLIANCE

This combined response complies with the type-volume limit specified by the Court in its November 13, 2025, Order because it contains 2,386 words.  This response also complies with the typeface and type-style requirements of Federal Rule of Appellate Procedure 32(a)(5)-(6) because it was prepared using Word for Microsoft 365 in Georgia 14-point font, a proportionally spaced typeface.

*s/ Kevin B. Soter*
Kevin B. Soter