IN THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

CARYN DEVINS STRICKLAND,

Plaintiff-Appellant,

v.

NANCY L. MORITZ, *et al.*,

Defendants-Appellees.

No. 24-2056

---

**DEFENDANTS-APPELLEES' RESPONSE TO PLAINTIFF'S MOTION TO UNSEAL AND MOTION FOR LEAVE TO FILE A REPLY**

In addition to seeking panel rehearing—which should be denied for the reasons stated in defendants' separate opposition to that petition—plaintiff asks this Court to unseal the unredacted version of a motion defendants filed in district court and to grant her leave to file a reply in support of her rehearing petition. She asserts that these requests are "inextricably intertwined" and she therefore addresses both in "a single supporting memorandum of law." Mot. to Unseal 5 n.1 (Nov. 13, 2025) (Mot.). As set forth further below, defendants ultimately defer to the Court as to the appropriate resolution of these motions and respond here to the extent further detail may aid the Court.

**STATEMENT**

Plaintiff's motion to unseal concerns proceedings in district court relating to plaintiff's deposition testimony.  During her deposition, plaintiff responded to "a line of questioning that . . . implicated an accusation of wrongdoing."  Mot. for Summ. Reversal 13 (Dec. 9, 2024).  According to plaintiff, this colloquy—the relevant transcript of which appears at pages 15-19 of the sealed appendix to the rehearing petition—left her with a "reasonable fear of prosecution."  *Id.* at 22.  Later in the deposition, one of plaintiff's *pro bono* attorneys asserted an "unspecified" privilege against responding further to this line of questioning.  *Id.* at 13.

Four days after the deposition, plaintiff's *pro bono* attorneys filed a motion to withdraw from representing her, asserting "that a conflict has arisen such that counsel cannot continue to represent Ms. Strickland" and that "there are irreconcilable differences in the attorney-client relationship."  Dkt. No. 207, at 1.  The district court granted that withdrawal request in a decision that is the focus of plaintiff's pending rehearing petition.

The line of questioning during plaintiff's deposition was implicated in a series of subsequent motions filed in the district court.  Defendants moved to strike plaintiff's assertion of privilege during her deposition and

to compel her to respond to additional questions along similar lines. Plaintiff filed a follow-on motion to sanction defendants and disqualify all their trial counsel based on plaintiff's assertion that this line of questioning was improper. *See* Dkt. No. 219; Dkt. No. 270.

Throughout this motions practice, plaintiff maintained that the substance of her deposition testimony—both the specific nature of government counsel's questions and the answers plaintiff gave during her deposition—must remain under seal. *See, e.g.*, Dkt. No. 320, at 1 (asserting that the deposition testimony is "privileged" and that the public disclosure of it would "implicate[] constitutionally protected liberty and privacy interests"). Defendants have disputed that assertion throughout this litigation. *See, e.g.*, Dkt. No. 213, at 3; Opp'n to Mot. for Summ. Reversal 2 n.1. But to "protect against disclosure of the information over which Plaintiff has asserted privilege" while these issues were subject to motions practice, defendants redacted the details of plaintiff's deposition testimony from their public filings, with unredacted versions filed under seal. Dkt. No. 213, at 3.

The district court granted in part and denied in part defendants' motion to strike plaintiff's privilege assertion and compel deposition testimony, holding in relevant part that plaintiff had "waived" certain

privileges when she "continued to testify" as to the subject matter and
further directing her to respond to questions she had refused to answer
without making a "blanket assertion" of a Fifth Amendment privilege.  Dkt.
No. 233, at 2.

Following that ruling, and in light of plaintiff's "serious accusations
against Defendants and their counsel," Defendants requested that the
district court allow them to publicly file the unredacted version of their
opposition to plaintiff's then-pending sanctions and disqualification
motion.  Dkt. No. 299, at 2.  The district court summarily denied plaintiff's
motion for sanctions and disqualification from the bench as "without
merit," JA3135; it did not expressly rule on the separate question whether
defendants' unredacted opposition brief should be refiled publicly.  The
case then proceeded to trial with this deposition testimony remaining
under seal, and the court granted final judgment in favor of defendants.

On appeal, among other arguments, plaintiff sought summary
reversal of the district court's final judgment based on its order allowing
her *pro bono* counsel to withdraw from representing her.  This Court
declined to disturb the final judgment on this or any other ground.  Plaintiff
petitioned for rehearing only with respect to the portion of this Court's
decision addressing her *pro bono* counsel's withdrawal.  Prior to the

deadline for defendants to file a response to the rehearing petition, plaintiff filed a separate motion asking for leave to file a reply in support of her rehearing petition and to unseal defendants' motion in district court asking the court to strike plaintiff's privilege assertion and compel deposition testimony.  In asking for the filing to be unsealed, plaintiff asserts that her counsel's withdrawal request was linked to her deposition testimony.  Mot. 1-2.

## ARGUMENT

**A.** Plaintiff asks this Court unseal defendants' unredacted district-court motion to strike her privilege assertion and compel deposition testimony (Dkt. No. 219), which she has attached to her petition for rehearing.  As explained below, defendants do not believe it is necessary to unseal this document to address plaintiff's pending rehearing petition but ultimately defer to the Court as to whether to grant plaintiff's request to unseal, particularly given that it is plaintiff who has insisted up until this point this material must remain sealed.

As an initial matter, the document plaintiff requests to have unsealed is irrelevant to the appropriate disposition of plaintiff's rehearing petition, which is the only issue that remains for this Court to resolve.  Neither that motion nor the underlying sealed deposition testimony is cited in the

argument section of plaintiff's rehearing petition, and the portion of the

factual background discussing it (Pet. 7-11) is not relevant to the issues

addressed in this Court's opinion and has little bearing on the issues raised

in the petition. *See* Opp'n to Reh'g Pet. 7-8 (explaining that the record does

not support plaintiff's efforts to connect her former counsel's choice to seek

withdrawal with plaintiff's disputed legal arguments about conduct by

defendants' trial counsel, and noting that defendants' motion to strike and

compel was filed weeks *after* counsel moved to withdraw).  Plaintiff asserts

that this material would support her argument "that there was no valid

basis for all four members of Strickland's *pro bono* legal team to withdraw,"

Mot. 2, but the existence of good cause for the withdrawal can be readily

confirmed by this Court with or without consulting the sealed material.

Plaintiff could have sought to have this material unsealed at earlier points

of this litigation to the extent she believed it relevant, including with respect

to her motion for summary reversal filed in this Court, but she did not do

so.

　　Nonetheless, defendants have no substantive objection to unsealing

this material, particularly given that defendants' motion was only filed

under seal in the first place to protect *plaintiff's* asserted confidentiality

interests. *See* Dkt. No. 213, at 3.  Indeed, plaintiff's about-face on this issue

6

is perplexing.  After repeatedly demanding that the district court maintain the contents of her deposition testimony under seal—and insisting that the district court must also "stay[] any such ruling" allowing for the unsealing of such information so that Plaintiff would be able to vindicate her asserted "right to an interlocutory appeal" challenging any such unsealing order, Dkt. No. 320, at 17 (capitalization altered)—plaintiff now asks this Court for permission to make public just one of the numerous filings related to this issue.  And after telling the district court that she had a constitutional right to "prevent[] public disclosure of unfounded allegations by government officials," *id.* at 10 (capitalization altered), plaintiff now argues that this very rationale actually supports unsealing the same material.  Mot. 4.[1]  This history plainly belies plaintiff's assertion that defendants have "hid[den] behind [a] lack of transparency" (Mot. 4) or that plaintiff has been denied "her basic due process right to be heard" (Mot. 5).

     In all events, to the extent plaintiff no longer believes it important to keep this material sealed, defendants have no substantive issue with the

---

[1] As defendants explained to the district court, the relevant deposition testimony and subsequent filings do not actually contain "any allegation" by defendants' counsel that plaintiff had engaged in wrongdoing; counsel instead made "additional inquiry" following plaintiff's initial responses with regard to a topic that was relevant to what equitable relief would have been appropriate in the unlikely event that plaintiff were able to prevail on the merits of any of her claims.  Dkt. No. 294, at 1-2, 10.

material being publicly available.  As explained, though, that material is ultimately irrelevant to deciding plaintiff's rehearing petition, the only issue that currently remains before this Court.

**B.**  Plaintiff also asks this Court to grant her leave to file a reply in support of her petition for rehearing.  Neither Federal Rule of Appellate Procedure 40 nor Fourth Circuit Local Rule 40 contemplates a reply in support of a rehearing petition.  Plaintiff asserts that leave to file a reply is nonetheless warranted here because "the district court denied Strickland her most basic due process right to be heard as a litigant" (Mot. 4), but that is incorrect for the reasons already explained.  This Court can address plaintiff's rehearing petition based on the substance of that petition and defendants' response.  Nonetheless, defendants ultimately defer to the Court as to whether to permit such a reply.

Respectfully submitted,

COURTNEY L. DIXON

_/s/ Kevin B. Soter_
KEVIN B. SOTER
(202) 305-1754
   Attorneys, Appellate Staff
   Civil Division
   U.S. Department of Justice
   950 Pennsylvania Ave. NW
   Room 7222
   Washington, D.C. 20530

NOVEMBER 2025

9

## CERTIFICATE OF COMPLIANCE

Pursuant to Federal Rule of Appellate Procedure 32(g), I hereby certify this response complies with the requirements of Rule 27(d)(1)(E) because it has been prepared in 14-point Georgia, a proportionally spaced font, and that it complies with the type-volume limitation of Rule 27(d)(2)(A) because it contains 1,569 words, according to the count of Microsoft Word.

 /s/ *Kevin B. Soter*
KEVIN B. SOTER